**Mrs. Julia C. HUNTER**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education and Welfare.**

**Civ. A. No. 71–72.**

United States District Court,
M. D. Louisiana.

June 23, 1972.

---

5. See Fuentes v. Shevin, Attorney General of Florida, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).

Garland R. Rolling, Metairie, La., for plaintiff.

Gerald J. Gallinghouse, U. S. Atty., E. D. La., William T. Abbott, Asst. U. S. Atty., New Orleans, La., for defendant.

E. GORDON WEST, District Judge:

This is a suit arising under the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare denying plaintiff's claim for widow's benefits under 42 U.S.C. §§ 402(e) and 423. The basis for the Secretary's denial of plaintiff's claim is that she does not qualify as a widow of the deceased wage earner, Samuel J. Hunter. This case being appropriate for decision by summary judgment, it has been submitted on the transcript of the record and briefs.

■ The basic guidelines for review in this case have been clearly set forth in numerous opinions. An individual claiming a disability under the Social Security Act has the burden of proving his claim. Jenkins v. Gardner, 430 F.2d 243 (6th Cir. 1970), cert. denied 400 U. S. 1001, 91 S.Ct. 472, 27 L.Ed.2d 452 (1971). A review of the Secretary's decision by a Federal District Court is not a trial de novo; rather, the function of such Court is to decide whether there is substantial evidence in the record as a whole to support the decision. Goodman v. Richardson, 448 F.2d 388 (5th Cir. 1971); Brown v. Finch, 429 F.2d 80 (5th Cir. 1970). The finding of any fact by the Secretary, if supported by substantial evidence, is conclusive. 42 U.S.C. § 405(g). The Secretary is to resolve conflicts in evidence and inferences therefrom which may exist. Brown v. Finch, supra; Burdett v. Finch, 425 F. 2d 687 (5th Cir. 1970); Richardson v. Richardson, 437 F.2d 109 (5th Cir. 1970). The Secretary is to decide the credibility of witnesses and the weight to be given evidence, and if the final decision is supported by substantial evidence it must be affirmed even if there is also substantial evidence in the record which might have supported a finding in favor of the claimant. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).

The pertinent evidence to be gleaned from the record as a whole is as follows:

1) The deceased, Samuel Hunter, married Corinne prior to 1920. He left Corinne but was never divorced from her. Corinne died in 1950.

2) Samuel married Julia, the plaintiff herein, on December 21, 1940. They lived together off and on until 1948 at which time plaintiff left Samuel after he threatened her and she never saw him or was in contact with him again. From 1940 to 1948 Julia had two or three children, one of whom was not Samuel's. There were never any divorce proceedings with respect to this marriage.

3) In 1944, Samuel married Rebecca but they separated at least eight or nine years before his death. There was no divorce.

4) In 1958, Samuel married again this time to Clara. He and Clara had had a child in 1953. They were living together at the time of Samuel's death.

5) Samuel died in 1964. All the events occurred in Louisiana.

■ As noted above, the Secretary found that Julia did not qualify as Samuel's widow. The applicable provisions for determining plaintiff's familial status in this case are found in 42 U.S.C. § 416(h) (1) (A) and (B). Subsection (B) does not apply if the plaintiff was not living with the deceased at the time of his death in 1964. Since the evidence is clear and undisputed that plaintiff and deceased were not in contact after 1948, subsection (B) does not bear further consideration in this matter.

Applying subsection (A) to the instant case it appears that Julia may be considered to be the widow of Samuel if the courts of Louisiana would find that they were validly married at the time Samuel died. Alternatively, if a valid marriage were not found to exist plaintiff could still be given a widow's status under the Act if she would be accorded such status with respect to the devolu-

tion of intestate personal property under Louisiana law.

It is obvious that under Louisiana law Julia and Samuel were never legally married because at the time of their ceremony Samuel was still legally married to Corinne. La. Civil Code, Article 93; Rhodes v. Miller, 189 La. 288, 179 So. 430 (1938); Clark v. Clark, 192 So.2d 594 (La.App.1966). Therefore the only remaining question is whether or not under the law of Louisiana Julia would be granted the same status as a legal widow for purposes of inheriting from Samuel. In other words she must prove that she was a putative wife under Louisiana law. The pertinent provision of that law is Article 118 of the Louisiana Civil Code:

> "If only one of the parties acted in good faith, the marriage produces its civil effects only in his or her favor, and in favor of the children born of the marriage."

The essential "good faith" requirement has been defined as an "honest and reasonable belief that the marriage was valid, and that there existed no legal impediment thereto . . . . The party alleging good faith cannot close her ears to information or her eyes to suspicious circumstances. She must not act blindly, or without reasonable precautions." Smith v. Smith, 43 La.Ann. 1140, 10 So. 248 (La.1891).

In the instant case the Secretary has decided that Julia was not in good faith. The evidence to support this is that the Veterans Administration received letters from Julia stating that she knew Samuel was previously married and did not know whether the marriage had been terminated. Particularly, on May 10, 1967, the Veterans Administration reports it received "a statement from Julia in which she states that [Samuel] told her that he had been married before. He never mentioned whether he was divorced or his wife was dead and she, Julia, never questioned him." (Transcript, pp. 98–99). There are other statements in the record made by Julia that she did not know of Samuel's

previous marriage and any report to the contrary must be a misunderstanding. Thus, the only evidence as to Julia's previous knowledge comes from her own statements which are unalterably contradictory. Of course such conflicts are to be resolved by the Secretary and there is no reason for this Court to challenge the Secretary's decision to grant more weight to Julia's earlier statements rather than her subsequent ones. Therefore the finding that Samuel did inform Julia of the fact that he had been previously married is acceptable.

■■ Where a party to a marriage receives information concerning a prior marriage of the other spouse he or she cannot merely ignore it if, under the circumstances of the individual case, such information would seem to be reliable. If Samuel told Julia that a previous marriage had been performed such information should be considered reliable. It has been held in Louisiana that "a woman who knows a man has been previously married, is not justified in entering into marriage with him solely on his word alone that he has been divorced from the earlier wife." Succession of Hopkins, La.App., 114 So.2d 742 (1959). Here, Julia did not even receive Samuel's assurance that his previous marriage was terminated and she never bothered to ask. In such a situation it cannot be said that Julia was reasonable in believing in the validity of her marriage and that there existed no legal impediment to it. Thus, Julia did not have the good faith required of a putative wife once Samuel told her he had been married previously. The effects of a putative marriage continue only so long as good faith remains. Succession of Hopkins, supra, at page 744. In light of the findings of the Secretary it must be held that Julia's status as a putative wife ended when Samuel told her of his previous marriage and she made no inquiry as to the termination of that marriage.

Therefore, it is the opinion of this Court that the decision of the Secretary that the plaintiff, Julia Hunter, is not

entitled to the status of widow of the deceased and therefore is ineligible to collect benefits under the Social Security Act, be AFFIRMED, and judgment will be granted accordingly.