**Edna KANE, Plaintiff-Appellant,**

**v.**

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 83–3542.

United States Court of Appeals, Fifth Circuit.

May 14, 1984.

David Naccari, N.O. Legal Assistance Corp., New Orleans, La., for plaintiff-appellant.

Eneid A. Francis, W. Glenn Burns, Richard M. Martin, Jr., Asst. U.S. Attys., New Orleans, La., for defendant-appellee.

Before CLARK, Chief Judge, RUBIN and POLITZ, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The Secretary terminated the social security benefits of a 39-year-old female after a five minute hearing at which the claimant was not represented by counsel. During the hearing, the Administrative Law Judge failed adequately to develop the facts and to inquire into claimant's complaint that she was unable to work because of her pain, for which there was an objective medical basis. Therefore, we reverse the award of summary judgment in favor of the Secretary of Health and Human Services, and direct that the case be remanded to the Secretary for the fair hearing that the statute contemplates.

In 1976, when Edna Kane was 33 years old, she was awarded supplemental security income benefits. In February 1980, after a hearing, an ALJ decided that Kane was still disabled and was entitled to continuing benefits. A little over a year later, she was directed to provide evidence concerning her right to continued benefits. Kane replied that her condition had not improved. In January 1982, the Social Security Administration notified her that it had determined that her medical condition was no longer disabling, effective December 1981. She requested a hearing, which was held in March 1982. The notice of hearing advised her of her right to counsel.

At the hearing she appeared without a lawyer. She was 5'7" tall and weighed 225 pounds. She had received a tenth grade education. She had last worked twelve years before, as a domestic, and had stopped work because she was suffering from cancer of the cervix. She had undergone bladder surgery six times. She testified that she suffers from bladder leakage and that her doctors are considering further bladder surgery. She said that she suffers from back pain, her feet swell, and she has had arthritis of the knees and hands for seven or eight years. She also testified that she has suffered from hypertension for twenty years and is a diabetic although she does not take medication for either condition.

The record discloses no question by the ALJ concerning whether or not Kane desired counsel. The hearing lasted five minutes and its transcript consists of four pages. A significant part of the proceeding was devoted to formal introduction of exhibits and to putting Kane under oath. The ALJ asked only one perfunctory question about Kane's subjective complaints.

Q. What's the principal reason that you think you can't work?

A. Well, I'm still having a leakage from my bladder.

Q. Uh huh.

A. And I'm suffering with my back and my feet swell easily.

The medical evidence presented at the hearing included one medical report and one consultative examination report. These reports, standing alone, would provide substantial evidence that Kane was not disabled.

Upon Kane's petition for judicial review the Secretary filed the usual motion for summary judgment. The magistrate concluded that Kane was not prejudiced by lack of counsel at the administrative level because counsel represented her during her appeal before the magistrate, and Kane failed to proffer any additional medical reports in support of her motion to remand. In addressing the issue of duty owed to pro se litigants by the administrative law judge, the magistrate found that the ALJ had done enough to insure that Kane received fair consideration. The Secretary "need not go to inordinate length to develop a claimant's case," quoting *Thomp-*

son v. *Califano,* 556 F.2d 616, 618 (1st Cir.1977).

Our function is limited to determining whether the record, considered as a whole, contains substantial evidence that supports the final decision of the Secretary, as trier of fact. The court may not reweigh the evidence or try the issues de novo or substitute its judgment for that of the Secretary. *Davis v. Schweiker,* 641 F.2d 283 (5th Cir.1981); *Laffoon v. Califano,* 558 F.2d 253 (5th Cir.1977). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

■ The burden is on the claimant who seeks a period of disability, disability insurance benefits, or supplemental security income benefits to show that she is unable "... to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months...." 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). If the claimant shows that she is disabled and no longer able to perform her past employment, the burden shifts to the Secretary to show that she is capable of engaging in some type of substantial gainful activity. *Ferguson v. Schweiker,* 641 F.2d 243 (5th Cir.1981); *Strickland v. Harris,* 615 F.2d 1103 (5th Cir.1980). We review the denial of supplemental security income benefits by the same standards applicable to the review of a determination of disability. *Rivers v. Schweiker,* 684 F.2d 1144 (5th Cir.1982);

*Strickland v. Harris,* 615 F.2d 1103 (5th Cir.1980).

The Social Security Administration conducts literally thousands of benefits hearings each year. Indeed, the disability program has been called "the Mount Everest of bureaucratic structures."[1] About 1,250,000 claims are made annually. ALJs conduct 150,000 hearings. Over 625 ALJs and 5,600 state agent personnel are involved in deciding the claims. The disability decisional system alone is comparable in size to the entire federal court system.[2] The system must run efficiently and expeditiously. But, as we have previously stressed, because the results of these hearings gravely affect the claimants, the hearings must be conducted in such a manner as to assure their objective: the determination of a matter of moment on the basis of a record adequately developed.[3] The function of the ALJ is to not merely to sit and listen, nor is he appointed to process cases on an administrative assembly line.

■ It is the duty of the administrative law judge to develop the facts relative to a claim for benefits fully and fairly.[4] When he fails in that duty, he does not have before him sufficient facts on which to make an informed decision. Consequently, his decision is not supported by substantial evidence.[5]

■ The ALJ's "basic obligation to develop a full and fair record rises to a special duty when an unrepresented claimant unfamiliar with the hearing procedures appears before him."[6] This duty requires the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore

1. Verkuil, Review of Mashaw, Bureaucratic Justice, 93 Yale L.Rev. 780 (1984).

2. *Id.,* 93 Yale L.Rev. at 781.

3. *Clark v. Harris,* 5 Cir., 638 F.2d 1347.

4. 42 U.S.C. § 405(g), 20 C.F.R. § 410.640 (1981); *Thorton v. Schweiker,* 663 F.2d 1312 (5th Cir. 1981); *Ford v. Secretary of Health & Human Services,* 659 F.2d 66, 69 (5th Cir.1981).

5. *Davis v. Califano,* 599 F.2d 1324 (5th Cir. 1979); *McGee v. Weinberger,* 518 F.2d 330 (5th Cir.1975); *Ford v. Secretary,* 659 F.2d 66 (5th Cir.1981); *Allen v. Schweiker,* 642 F.2d 799 (5th Cir.1981); *Wilkinson v. Schweiker,* 640 F.2d 743 (5th Cir.1981).

6. *Clark v. Harris, supra,* 638 F.2d at 1351, *quoting Barker v. Harris,* 486 F.Supp. 846 (N.D.Ga. 1980).

for all the relevant facts." [7] The failure of the ALJ to develop an adequate record is not, however, ground for reversal per se. As in the case of a hearing held without waiver of the right to counsel,[8] the claimant must, in addition, show that she was prejudiced as a result of scanty hearing. She must show that, had the ALJ done his duty, she could and would have adduced evidence that might have altered the result. Kane has indicated that her personal testimony would have demonstrated such pain, distress, and resulting inability to work that the ALJ would have recommended continuation of her benefits. While she has made no proffer of such evidence in the district court, as she should properly have done, the statements by her counsel at oral argument concerning what she would have testified had the ALJ made proper inquiry are at least plausible.

The statute requires that, in considering whether a claimant is disabled, the Secretary consider pain and other subjective responses.[9] While it is difficult to evaluate such feelings, inherently subjective and variable, discomfort, pain, anxiety, and depression occasion real, not imaginary, distress.[10] They can and do affect the ability to work. The statute requires that such subjective symptoms be linked to a "medically determinable component," but there was ample basis to conclude that Kane's complaints were thus linked.

The ALJ was, therefore, required to consider the symptoms and emotions of the claimant. Given the medical reports and Kane's suggestion of pain, it was the duty of the ALJ to inquire further into the existence or non-existence of distress sufficient to be disabling. The duty does not exact a lengthy hearing or protracted inquiry. It does exact a careful effort to make a complete record. Kane's testimony suggesting cumulative symptoms sufficient to be disabling was not to be merely disregarded or "uh-huh"ed.[11]

The government contends that 42 U.S.C. Section 405(g) prevents remand to the Secretary. The government reasons that Kane has presented new evidence to us on review but has failed to satisfy the three requirements announced in the 1980 amended version of 42 U.S.C. Section 405(g). Literally, § 405(g) permits remand for additional evidence "only upon a showing that there is new evidence which is material and that there is good cause [for] the failure to incorporate such evidence in the record...." However, read in context this is applicable to the situation in which the claimant seeks to expand the record. An ALJ's failure to conduct a proper hearing may consist, as it did here, of the failure to consider evidence available at the time of the hearing. It is not the purpose of § 405(g) to condone such a dereliction. The statute must be read in the light of its purpose, without expansion of its terms to a situation not intended to be embraced.

Because the ALJ failed to discharge his duty to develop the facts and the record is consequently incomplete, we REVERSE the judgment of the district court and REMAND the case with instructions that it be remanded to the Secretary for further proceedings consistent with this opinion.

---

7. *Cowart v. Schweiker,* 662 F.2d 731 (11th Cir. 1981), *quoting Cox v. Califano,* 587 F.2d 988, 991 (9th Cir.1978); *Gold v. Secretary of Health, Education & Welfare,* 463 F.2d 38, 43 (2d Cir.1972). The ALJ must be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Cox v. Califano,* 587 F.2d at 991 (quoting *Rosa v. Weinberger,* 381 F.Supp. 377, 381 (E.D.N.Y.1974).

8. *Herridge v. Richardson,* 464 F.2d 198 (5th Cir. 1972); *Goodman v. Richardson,* 448 F.2d 388 (5th Cir.1971); *Cross v. Finch,* 427 F.2d 406 (5th Cir.1970).

9. 42 U.S.C. § 423(d); *see Simmons v. Harris,* 602 F.2d 1233 (5th Cir.1979).

10. *Ware v. Schweiker,* 651 F.2d 408 (5th Cir. 1981), *cert. denied,* 455 U.S. 912, 102 S.Ct. 1263, 71 L.Ed.2d 452.

11. *Ware v. Schweiker, supra,* 651 F.2d 408, and cases cited therein.