Delma PLOWMAN, for The CHILDREN OF Grady C. WELCH, Deceased, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

No. TX–83–72–CA.

United States District Court, E.D. Texas, Texarkana Division.

Jan. 27, 1986.

---

Harry B. Friedman of Harkness, Friedman, Kusin & Condit, Texarkana, Tex., for plaintiff.

Steve Mason, Asst. U.S. Atty., Tyler, Tex., for defendant.

## MEMORANDUM OPINION AND FINAL ORDER OF REMAND

HALL, District Judge.

This is an appeal from the Secretary's final decision to reduce the Social Security Survivor's Benefits of Delma Plowman's children from Two Thousand Ninety-Eight Dollars and Ninety Cents ($2,098.90) per month to Eight Hundred Ten Dollars ($810.00) per month, based on one (1) of Plaintiff's four (4) children, Robert E. Wadkins, attaining the age of eighteen (18) and not being either disabled or a full-time student. On March 3, 1983 an Administrative Law Judge (ALJ) found that the Plowman family's benefits should be reduced as set forth above [Tr. 5–11], and on May 31, 1983 the ALJ's decision was denied review by the Appeals Council, thereby becoming the final decision of the Secretary. (Tr. 3). Because there is not substantial evidence in the record to support the amount of Plaintiff's benefits reduction, the case is remanded to the Secretary for further review.

Jurisdiction is vested in this Court by virtue of The Social Security Act, 42 U.S.C. § 405(g) (1983).

On September 25, 1977 Grady C. Welch died. On September 30, 1977 Welch's widow Delma Welch (now Delma Plowman) filed an Application for Surviving Child's Insurance Benefits for her four (4) children on Welch's account, on the basis that he was the children's stepfather. (Ex. 2, Tr. 33–36). By letter dated December 28, 1981, Ms. Plowman was notified that effective January 1, 1982, her monthly check would be reduced to Eight Hundred and Ten Dollars ($810.00). (Tr. 63). The reason given for the reduction was that her

> "benefit payment amount was based on Robert's [Robert Wadkins'] entitlement on this account number [Grady Welch's account] *and* the account number [of Bobby Wadkins]. Since Robert is no longer entitled to benefits, due to the attainment of age 18, your benefits have been adjusted effective 12/81 so they will not exceed the maximum payable *on this account only*" (i.e. on Grady Welch's account).[1]

(Emphasis added)

In other words, because Robert Wadkins had been entitled to dual benefits, the maximum on both accounts were combined to exceed the statutory family maximum which would have been payable on Grady Welch's account considered by itself. (Tr. 11, 49, 67). The Plowman family's maximum benefits could no longer be exceeded when Robert became ineligible for benefits because he was eighteen (18) years of age and neither disabled nor a full-time student. As of January 1, 1982, the Plowman family's benefits had to be determined solely on the account of Grady C. Welch.

On January 8, 1982 Ms. Plowman filed a Request for Reconsideration [Ex. 17, Tr. 64] and on March 18, 1982 a Reconsideration Determination Report was rendered that the reduction was correct. (Ex. 19, Tr. 66–68). At a hearing held on May 4, 1982, Ms. Plowman testified that she believed

---

**1.** According to a Reconsideration Determination Report [Ex. 19, Tr. 66–68], Ms. Plowman had been receiving payments of One Thousand Eight Hundred and Twenty Dollars and Twenty Cents ($1,820.20) per month effective June 1980 and Two Thousand Ninety-Eight Dollars and Ninety Cents ($2,098.90) effective June 1, 1981. The Plowman family maximums were One Thousand Five Hundred and Ten Dollars ($1,510.00) effective January 1981 and One Thousand Six Hundred Seventy-Nine Dollars and Twenty Cents ($1,679.20) effective June 1981.

that her family's benefits reduction had been *miscalculated,* since her benefits were cut from approximately Sixteen Hundred Dollars ($1,600.00) to approximately Eight Hundred Dollars ($800.00). It was stated that Robert had become eighteen (18) years of age and that he was neither disabled nor a full-time student. Ms. Plowman understood that Robert was no longer entitled to benefits.

On March 3, 1983 the ALJ issued a decision holding that Plowman's benefits were correctly reduced. (Tr. 5–11). However, there is no evidence in the record to indicate the basis of the ALJ's conclusion that the benefits reduction was correctly calculated. Assuming, as outlined in footnote 1, that the Plowman family maximum based *only* on Welch's account, was approximately Sixteen Hundred Dollars ($1,600.00), there is no evidence to show how the benefits were recalculated to total Eight Hundred Ten Dollars ($810.00). Evidence as to how said benefits were recalculated should be available for review in the Secretary's records. Although the burden of proof is on a party challenging a reduction in her family's social security survivor benefits [*Eisenhauer v. Mathews,* 535 F.2d 681, 687 (2nd Cir.1976)], it is the ALJ's obligation to develop a full and fair record and his failure to do so authorizes a remand for further hearing. *Kane v. Heckler,* 731 F.2d 1216, 1219 (5th Cir.1984).

Accordingly, it is ORDERED, ADJUDGED and DECREED that Defendant's Motion for Summary Judgment be DENIED and that this cause be REMANDED to the Secretary for reconsideration and the making of additional findings in accordance with this opinion. Because it has been four (4) years since Plaintiff's benefits were reduced, it is further ORDERED that this case be given priority by the Secretary, and that the taking of any additional evidence and the rendering of all additional findings ordered herein be completed within ninety (90) days of the signing of this memorandum opinion and order.