**Kerry L. BRISTER**

v.

**Kenneth S. APFEL, Commissioner of Social Security Administration.**

No. Civ.A. G–97–347.

United States District Court,
S.D. Texas,
Galveston Division.

Feb. 12, 1998.

Randal L. McDonald, LaMarque, TX, for Plaintiff.

Eleanor A. Robinson–Gaither, Houston, TX, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KENT, District Judge.

Plaintiff brings this action under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c), challenging the final decision of the Commissioner of Social Security ("the Commissioner"), who determined that she was not "disabled" as that term is defined in 42 U.S.C. § 423. Now before the Court are Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment. For the reasons that follow, Defendant's Motion is **GRANTED** and Plaintiff's Motion is **DENIED**. Consequently, the Commissioner's decision is **AFFIRMED** in all respects, and Plaintiff's case is **DISMISSED WITH PREJUDICE** in its entirety.

### I. PROCEDURAL SUMMARY

Plaintiff is a 36 year-old female residing in Sante Fe, Texas. Plaintiff filed an application for disability benefits on October 25, 1993, stating that she had been unable to work since November 9, 1992 due to post-traumatic stress syndrome, polyneuropathy, vinyl chloride exposure, severe fatigue, and weakness. After Plaintiff's claim was denied both on initial review and upon reconsideration, she requested de novo consideration by an Administrative Law Judge ("ALJ"). A hearing before the ALJ, in which Plaintiff appeared with her representative, was held on December 6, 1995. A vocational expert also testified at that proceeding. On April 22, 1996 the ALJ denied Plaintiff's claim, finding that although she had mental problems, Plaintiff could perform low-stress sedentary to light work which required "routine one to two step instructions." The ALJ's decision was affirmed by the Appeals Council on April 11, 1996 and constitutes a "final decision." Plaintiff now seeks review of the Commissioner's final decision in this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c).

### II. ANALYSIS

Plaintiff brought this case against Acting Commissioner John J. Callahan on June 13, 1997. However, Kenneth S. Apfel became Commissioner of Social Security on September 29, 1997. The Court takes judicial notice of the fact that Apfel substitutes for Acting Commissioner John J. Callahan as Defendant in this suit. See FED.R.CIV.P. 25(d)(1). No

further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

■■■ "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g). This Court's review of the Commissioner's decision is limited to determining whether the decision is supported by substantial evidence and whether the proper legal standards were applied. *See Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Carrier v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). It is undisputed that the Commissioner applied the correct legal standard. This case, therefore, turns on whether substantial evidence exists to support the Commissioner's decision. The Supreme Court has explained that "substantial evidence" is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. of New York v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938); *see also Ripley*, 67 F.3d at 555 (noting that "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion" and is "more than a mere scintilla and less than a preponderance." (citations omitted))). Moreover, the Commissioner's decision is entitled to great deference, and it is this Court's role to review the Commissioner's decisions of fact and reasonable inferences drawn therefrom. *See Leggett v. Chater,* 67 F.3d 558, 564 (5th Cir.1995). The Court should not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner. *See Kane v. Heckler,* 731 F.2d 1216, 1219 (5th Cir.1984).

A claimant is "disabled" when he is unable to engage in substantial gainful activity because of any medically determinable physical or mental impairment that can be expected to last for at least twelve months. *See* 42 U.S.C. § 423. The Commissioner has estab-

lished a five-step evaluation process for making disability determinations. *See* 20 C.F.R. § 404.1520(b)–(f). The Administrative Law Judge ("ALJ") first considers whether the claimant is currently engaged in substantial gainful activity. If not, the ALJ next considers whether the claimant has a severe impairment which significantly limits her physical or mental ability to do basic work activities. If so, the third inquiry is whether the claimant has an impairment which is listed in Appendix 1 to 20 C.F.R. § 404(P). If so, the ALJ will consider the claimant to be disabled without considering vocational factors such as age, education, and work experience. If the claimant does not have a listed impairment, the fourth inquiry is whether the claimant, despite her severe impairment, has the residual functional capacity to perform her past work. If not, the final inquiry is whether there is other work within the national economy which the claimant could perform. "A finding that a claimant is disabled or not disabled at any point in the five step process is conclusive and terminates the Secretary's analysis." *Abshire v. Bowen,* 848 F.2d 638, 640 (5th Cir.1988). These steps have been adopted by the Fifth Circuit. *See, e.g., Martinez v. Chater,* 64 F.3d 172, 173–74 (5th Cir.1995); *Harrell v. Bowen,* 862 F.2d 471, 475 (5th Cir.1988).

■■■ Upon review of Plaintiff's case, the Commissioner determined that Plaintiff was not disabled because she could perform low-stress sedentary to light work requiring only routine one or two step instructions. At the outset, and although Plaintiff argues otherwise, the burden here is on Plaintiff to demonstrate she cannot perform the tasks described by the Commissioner. *See Haywood v. Sullivan,* 888 F.2d 1463, 1467 (5th Cir. 1989) (noting that the burden of proof shifts to the plaintiff once the Commissioner points to potential jobs that plaintiff can perform). Plaintiff fails to meet this burden.

After carefully reviewing the briefs submitted, the Court determines that substantial evidence exists in the record to support the Commissioner's decision. Plaintiff's medical problems began in early 1988. Since that time she has been treated by multiple physi-

cians and has received numerous neurological examinations. On at least four occasions, Plaintiff complained of various neurological symptoms. Without exception, however, each physician who examined her determined that Plaintiff was exaggerating her physical symptoms and that she in fact had no neurological abnormalities. Subjective evidence does not take precedence over conflicting medical evidence. *See Anthony v. Sullivan,* 954 F.2d 289, 295–96 (5th Cir.1992). Plaintiff's complaints also include various psychological abnormalities. In December 1992, Plaintiff was diagnosed with major depression and generalized anxiety. At that time, Plaintiff reported that she was experiencing panic attacks, depressed mood, decreased energy, disturbed sleep, and thoughts of death. Previously, Plaintiff had been treated for depression and panic attacks, but had discontinued the treatments due to financial difficulties. An impairment that can be remedied or controlled with medicine is not disabling. *See Johnson v. Bowen,* 864 F.2d 340, 348 (5th Cir.1988); *see also* 20 C.F.R. §§ 404.1530, 416.930.

Plaintiff alleges that she was raped in March 1993. As a result, Plaintiff was again diagnosed with major depression and post traumatic stress disorder. At that time, Plaintiff's treating physician opined that Plaintiff was unable to engage in "stress situations." Later that year, Plaintiff was treated by another doctor on four different occasions. Similarly, that doctor found that Plaintiff "does not deal well with stress." The Court finds these opinions consistent with the Commissioner's findings. Moreover, Plaintiff has undergone personality testing which showed that Plaintiff tended to exaggerate her emotional problems.

Plaintiff argues that she has long experienced emotional problems and, based on the opinions of those treating her and her own credible testimony, she clearly meets the list-

ings for impairment found in 1 to 20 C.F.R. § 404(P). Plaintiff cites as authority her psychiatrist sister's opinion. In making a disability determination, the ALJ is free to reject the opinion of a physician when, as here, the evidence supports a contrary conclusion. *See Martinez,* 64 F.3d at 176.[1] The ALJ apparently did not believe Plaintiff's story in its entirety. Credibility determinations are the province of the ALJ and are entitled to deference. *See Villa v. Sullivan,* 895 F.2d 1019, 1024 (5th Cir.1990). It is the ALJ, not the Court, who evaluates the evidence. This Court simply asks whether substantial evidence exists to support the ALJ's decision. In that regard, although conflicting evidence exists, it is clear that the evidence could be interpreted as demonstrating a long history of exaggerated physical and mental symptoms. *See Grant v. Richardson,* 445 F.2d 656, 656 (5th Cir.1971) (noting that conflicts in evidence or in reasonable inferences to be drawn therefrom are for the ALJ and not for the Court to resolve); *Hunter v. Richardson,* 346 F.Supp. 123, 123 (M.D.La. 1972) (declaring that if the final decision denying benefits is supported by substantial evidence, it must be affirmed even if there is also substantial evidence in the record which might have supported a finding in favor of claimant). The ALJ found that Plaintiff has mental problems, and the evidence reflects those problems. However, in the ALJ's opinion, which was affirmed by the Appeals Council, Plaintiff can perform low-stress routine one and two step work despite her problems. This Court finds that substantial evidence exists to support that conclusion. *See Ripley,* 67 F.3d at 555 (noting that "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion" and is "more than a mere scintilla and less than a preponderance." (citations omitted)). Therefore, this Court will not disturb the Commissioner's findings.[2] Because

---

1. Additionally, Plaintiff argues that her treating physician's opinion supports a disability finding. A treating physician's opinion is entitled to "controlling weight" if well supported medically and when not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 404.1527(d)(2). Moreover, although a Commissioner must consider doctors' opinions, the

final determination of disability rests with the Commissioner. *See Leggett,* 67 F.3d at 566. Having already established that substantial evidence exists supporting the Commissioner's finding, Plaintiff's treating physician's opinion is not controlling in this case.

2. The Court rejects Plaintiff's argument that the ALJ erred by failing to hear from a medical

the Commissioner's decision is supported by substantial evidence in the record, it must be **AFFIRMED.**

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's Motion for Summary Judgment is **DENIED.** Consequently, Plaintiff's case is **DISMISSED WITH PREJUDICE.** The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like, unless justified by a compelling showing of new evidence not available at the time of the instant submissions. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the Fifth Circuit Court of Appeals, as may be appropriate in due course.

**IT IS SO ORDERED.**

### FINAL JUDGMENT

For the reasons set forth in the Court's Order Granting Defendant's Motion for Summary Judgment issued this day, Plaintiff's case is **DISMISSED WITH PREJUDICE.** The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like, unless justified by a compelling showing of new evidence not available at the time of the instant submissions. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the Fifth Circuit Court of Appeals, as may be appropriate in due course.

**THIS IS A FINAL JUDGMENT.**

expert following Plaintiff's submission of additional evidence. It is clear that when additional medical evidence is received that *in the opinion of the ALJ* may change the State agency medical or psychological consultant's findings, an updated medical opinion regarding disability is required. *See* SSR 96–6p. In this case, the ALJ did not believe this additional evidence, which included an additional opinion by Plaintiff's sister, would disturb his findings.