IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30807
Summary Calendar
_____

LINDA F. MITCHELL,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
(98-CV-1450)
--------------------
February 3, 2000

Before POLITZ, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Linda Mitchell appeals from the district court's judgment affirming the denial of her application for supplemental security income. She argues that the district court applied an improper legal standard to conclude that she was not prejudiced by the Administrative Law Judge's ("ALJ") refusal to order a consultative mental examination, that the ALJ erred in applying the Medical-Vocational Guidelines because the Guidelines fail to take into account her non-exertional impairments, and that the district court erred in modifying the Commissioner's decision

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

by concluding that she retained the ability to perform the full range of sedentary work and was therefore not entitled to disability benefits.

We have reviewed the record and find that the district court did not err in concluding that Mitchell did not carry her burden of showing that she was prejudiced by the ALJ's failure to order a consultative mental examination. See Kane v. Heckler, 731 F.2d 1216, 1220 (1984). Neither did the ALJ commit a legal error in applying the Guidelines after determining that Mitchell's non-exertional impairments did not significantly affect her residual functional capacity to work. See Selders v. Sullivan, 914 F.2d 614 (5th Cir. 1990). Nor did the district court err in modifying the Commissioner's decision by applying a different Guideline to conclude that Mitchell retains the residual functional capacity to perform the full range of sedentary work; and that decision is supported by substantial evidence in the record. See Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988).
AFFIRMED.