**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 00-50335

_____

WILLIAM E FERRIS,

Plaintiff - Appellant,

versus

LARRY G. MASSANARI, ACTING COMMISSIONER OF
SOCIAL SECURITY,

Defendant - Appellee.

Appeal from the United States District Court
For the Western District of Texas
Dist. Ct. No. A-98-CV-827-SS

April 9, 2001

Before POLITZ and EMILIO M. GARZA, Circuit Judges, and HEAD[*], District Judge.

PER CURIAM:[**]

William E. Ferris ("Ferris") appeals the district court's affirmance of the decision of the

Commissioner of Social Security ("the Commissioner") denying him benefits. Our review is limited

---

[*]    District Judge of the Southern District of Texas, sitting by designation.

[**]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to determining: (1) whether the record as a whole shows that the Commissioner's decision is supported by substantial evidence; and (2) whether the Commissioner applied the proper legal standards. *See Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992). If substantial evidence supports the Commissioner's findings, they are considered conclusive. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

The Administrative Law Judge ("ALJ") has discretion in determining whether pain is disabling. *See Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991). The ALJ's determination that Ferris's subjective complaints of disabling back pain were not credible is entitled to great deference and is supported by the medical records and testimony of the medical expert. *See Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1991) (holding that "a factfinder's evaluation of the credibility of subjective complaints entitled to judicial deference if supported by substantial record evidence"); *see also Wren*, 925 F.2d at 128 (affording "considerable deference" to the ALJ's determination as to whether the pain was disabling). The ALJ took into account Ferris's limitations with respect to lifting, sitting and standing, and determined that jobs consistent with these restrictions existed in significant numbers after posing an appropriate hypothetical question to a vocational examiner. Accordingly, the ALJ acted within his discretion in rejecting Ferris's claims of disability due to pain. *See Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991); *Harrell v. Bowen*, 862 F.2d 471, 480 (5th Cir. 1988).

With respect to the impairment of his hand, even if the ALJ erred in rejecting Ferris's complaints regarding his hand, a question which we do not answer, any such error was harmless. The jobs cited by the ALJ do not require significant use of the dominant hand beyond occasional writing. Any error did not affect Ferris's substantial rights. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th

Cir. 1988) (applying harmless error analysis to ALJ's determination).

Ferris next contends that because he lacked counsel, the Appeals Council had a duty to perform a heightened review of the record. While claimants for disability benefits have a right to counsel in an evidentiary hearing before an ALJ, see, e.g., *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (requiring ALJ to apply heightened review where petitioner unrepresented in hearing before ALJ), Ferris points to no authority extending this right beyond the ALJ context. We need not decide whether Ferris is correct, however, because Ferris has failed to show that he "'could and would have adduced evidence that might have altered the result.'" *Id.* (*quoting Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984)). Ferris does not point to any specific medical evidence that he could not have performed the jobs cited by the ALJ. Instead, he relies on a vague and conclusory assertion that counsel would have obtained evidence from his physician regarding his ability to perform those jobs. Thus, Ferris fails to show prejudice resulting from his lack of counsel. Additionally, we need not determine whether Ferris waived counsel because, as with assertion that he was entitled to a heightened review, Ferris cannot demonstrate prejudice. *See id.* at 729 n.1.

For the foregoing reasons, we AFFIRM the district court's judgment.