United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-51146
Summary Calendar
_____

BLANCA OCHOA,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CV-993
--------------------

Before REAVLEY, BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Blanca S. Ochoa has appealed the magistrate judge's judgment
affirming the decision of the Commissioner of Social Security
denying her application for Supplemental Security Income.  In
reviewing the Commissioner's decision to deny benefits, this
court determines whether the decision is supported by substantial
evidence and whether proper legal standards were applied in
evaluating the evidence.  Brown v. Apfel, 192 F.3d 492, 496 (5th
Cir. 1999).  Substantial evidence is "such relevant evidence as a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted).

Ochoa contends that the ALJ failed to obtain and consider records from one of her treating physicians. Because Ochoa was not prejudiced, there was no reversible error. See Kane v. Heckler, 731 F.2d 1216, 1220 (5th Cir. 1984).

Ochoa contends that the ALJ erred in giving more weight to the opinion of Dr. Robert L. Jones than to that of another consulting physician, Dr. Salvador P. Baylan. Under the substantial-evidence standard, this court "will not re-weigh the evidence, try the questions de novo, or substitute [its] judgment for the Commissioner's, even if . . . the evidence weighs against the Commissioner's decision." Masterson v. Barnhart, 309 F.3d 267, 272 (5th Cir. 2002). "In short, conflicts in the evidence are for the Commissioner and not the courts to resolve." Id. (internal quotation marks and brackets omitted). It was not unreasonable for the ALJ to give more weight to Dr. Jones's opinion. See Brown, 192 F.3d at 496; see also Moore v. Sullivan, 919 F.2d 901, 904 (5th Cir. 1990).

Ochoa contends that the Commissioner's decision is not supported by substantial evidence. Ochoa argues only that the decision was based on Dr. Jones's opinion, which she contends is at odds with Dr. Baylan's opinion and the opinions of her treating physicians. Again, Ochoa's argument demonstrates only that there was a conflict in the evidence. Such a conflict is

not sufficient for reversal under the substantial-evidence standard.  See Brown, 192 F.3d at 496.  The Commissioner's decision is

AFFIRMED.