United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 2, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30436
Summary Calendar

_____

DONALD DOMINIO,

                                        Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CV-1807-J
--------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:*

Donald Dominio appeals the district court's judgment affirming the Commissioner's decision denying in part his application for disability insurance benefits and supplemental security income benefits. Dominio challenges the administrative law judge's (ALJ's) determination that, given his capacity for light and sedentary work, and his age, education, and work experience, Dominio was able to perform a significant number of jobs that exist in the national economy during the time period June 17, 1993,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

through September 20, 1999, and therefore that he was not disabled during that period.

Dominio argues that the district court relied erroneously upon the ALJ's finding that he was capable of performing a significant number of jobs through September 20, 1999, because the ALJ had stated the opposite conclusion during the administrative hearing. We review the ALJ's decision, not the district court's ruling. See Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995). The ALJ stated clearly in her written opinion that, during the period June 17, 1993, through September 20, 1999, Dominio was capable of performing a significant number of jobs that exist in the national economy.

Dominio also argues that the ALJ's finding that he was not disabled prior to September 21, 1999, is not supported by substantial evidence in the record. Dominio contends that the ALJ should have used the date of the onset of his disability – June 17, 1993 – because he proved that his disability began with his injury on that date. The ALJ's finding regarding Dominio's ability to perform substantial gainful activity was supported by substantial evidence and based on proper legal standards. See id.

Dominio asserts further that the ALJ's use of the medical-vocational guidelines was inappropriate because he had non-exertional limitations. Because Dominio's limitations exceed those in the medical-vocational guidelines, the ALJ properly utilized the testimony of a vocational expert (VE). See Carey v. Apfel, 230 F.3d 131, 145 (5th Cir. 2000). Dominio does not challenge the VE's

testimony or the hypothetical posed to the VE and the ALJ did not err in relying on the VE's testimony.  See Bowling v. Shalala, 36 F.3d 431, 436 (5th Cir. 1995).

Finally, Dominio's claim that the ALJ should have obtained complete medical records or clarifications from two of his physicians fails because he has not shown that he was prejudiced by the ALJ's failure to obtain the records.  See Kane v. Heckler, 731 F.2d 1216, 1220 (5th Cir. 1984).

AFFIRMED.