United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 5, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-20789

KENNETH J. LOMBARD,

Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant-Appellee.

Appeal from the United States District Court for the
Southern District of Texas, Houston
No. 4:05-CV-527

Before KING, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Kenneth J. Lombard, through his guardian, filed an application for Title XVI supplemental security income (SSI) benefits, alleging an inability to work because of a schizoid personality disorder and emotional problems. The Commissioner denied Lombard's application at the initial and reconsideration levels, and Lombard requested a hearing before an administrative law judge ("ALJ"). On August 25,

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2004, the ALJ issued her decision denying Lombard disability benefits. The ALJ found Lombard disabled since January 9, 2003 on the basis of alcoholism and substance induced mood disorder. The ALJ, however, found that Lombard was ineligible for SSI because his alcoholism was a material, contributing factor to his disability. On December 23, 2004, the Appeals Council denied Lombard's request for review, making the ALJ's decision final.

Lombard sought review in federal district court under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). On May 24, 2006, the district court granted the Commissioner's Motion for Summary Judgment and denied Lombard's Motion for Summary Judgment. Lombard now appeals.

On appeal, Lombard makes the following claims:

1. The case should be remanded to the district court because the district judge failed to decide three of eight issues.

2. The case should be remanded to the Commissioner because the ALJ and Appeals Council failed to consider and incorporate into the record properly submitted post-hearing evidence.

3. The district court erred in not remanding the case to the Commissioner based on new evidence Lombard submitted with his Motion for Summary Judgment.

4. The ALJ erred by not giving greater weight to the Harris County probate court's order adjudicating Lombard incapacitated and the eight county psychiatric center confinements.

5. The Contract With America Advancement Act ("CAAA"), 42 U.S.C.

2

§ 423(d)(2)(C), violates the equal protection rights of alcoholics who are dramatically recalcitrant.

6. There was not substantial evidence for the ALJ to determine that Lombard did not have a medically determinable impairment separate from his alcoholism.

7. The ALJ erred in refusing to subpoena Lombard to attend his own hearing.

8. There was not substantial evidence for the ALJ's determination that Lombard failed to meet Listings 12.03, 12.04, and 12.08.

9. Lombard's refusal of medical treatment does not violate the remediability requirement.

Having reviewed the record and briefs, we affirm the judgment of the district court for the following reasons:

1. The district court's alleged failure to decide several issues does not warrant remand to the district court. Whether the district court properly ruled on all of Lombard's arguments is immaterial–this Court's task is to ensure that substantial evidence supports the Commissioner's decision, not whether the district court properly considered the issues before it. *See Cieutat v. Bowen*, 824 F.2d 348, 359-60 (5th Cir. 1987).

2. The additional post-hearing evidence allegedly submitted to and not considered by the ALJ and Appeals Council does not warrant remand to the Commissioner. Although there is some dispute as to whether such evidence was actually submitted to the ALJ and Appeals

3

Council, even if we assume that Lombard did properly submit such evidence, Lombard has failed to show that such evidence would have changed the outcome of the case. *See Kane v. Heckler*, 731 F.2d 1216, 1219-20 (5th Cir. 1984) (stating that to sustain error for failure of the ALJ to properly develop the record, claimant must show "prejudice" and that the additional evidence "might have altered the result").

3. The new evidence Lombard submitted to the district court with his Motion for Summary Judgment does not warrant remand to the Commissioner. Lombard failed to demonstrate "good cause for the failure to incorporate such evidence into the record in a prior proceeding," as required by 42 U.S.C. § 405(g). *See also Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989) ("The mere fact that a medical report is of recent origin is not enough to meet the good cause requirement.").

4. The ALJ properly considered the Harris County probate court's order adjudicating Lombard incapacitated and the eight county psychiatric center confinements. The ALJ considered this evidence and gave it some weight, but credited substantial contradictory evidence, correctly noting that she "was not bound by the previous disability determinations." *See* 20 C.F.R. §§ 404.1504, 416.904.

5. The CAAA does not violate the equal protection rights of alcoholics who are dramatically recalcitrant. Alcoholics, even those of the "dramatically recalcitrant" variety, do not comprise

a suspect class, and therefore, rational basis review applies. *Ball v. Massanari*, 254 F.3d 817, 824 (9th Cir. 2001). Lombard offers no cogent argument for why the CAAA is not rationally related to a legitimate governmental interest. Nevertheless, the CAAA is rationally related to the government's interest in "discourag[ing] alcohol and drug abuse, or at least not . . . encourag[ing] it with a permanent government subsidy." *Id.*

6. There was substantial evidence for the ALJ to determine that Lombard did not have a medically determinable impairment separate from his alcoholism. As the district court determined, the medical evidence and the testimony of the medical expert and other witnesses provided substantial evidence for the ALJ's conclusion. Although some of the evidence supports a contrary conclusion, the ALJ considered such evidence, gave it due weight, and found that credible evidence supported a different conclusion.[1] *See Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995) ("[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." (citation omitted)).

7. The ALJ did not err in not subpoenaing Lombard to his own hearing. First, a party does not have an absolute right to be

---

[1]Lombard asserts, in part, that the ALJ's decision is without substantial evidence because all but one of the eight psychiatric center involuntary confinements at the Harris County Psychiatric Clinic have depression diagnoses. This is not true. The record shows that only two of the eight psychiatric center confinements have depression diagnoses.

present in person for a hearing to proceed, *Torres v. Barnhart*, No. SA-05-CA-0052-RF, 2006 WL 509118, at *3 (W.D. Tex. Feb. 8, 2006) (citing 42 U.S.C. § 405(b)), and, in any event, Lombard appeared through his attorney. Second, Lombard's attorney waived his right to appear by proceeding with the hearing and stating that he could not argue that Lombard's appearance was essential.

8. There was substantial evidence for the ALJ's determination that Lombard failed to meet Listings 12.03 (Schizophrenic, Paranoid and Other Psychotic Disorders), 12.04 (Affective Disorders), and 12.08 (Personality Disorders). Lombard, who bore the burden of proof, did not explain how certain relevant medical diagnoses satisfied the specific criteria of the relevant Listings. Furthermore, these diagnoses were before the ALJ, and the ALJ credited substantial contradictory evidence that Lombard had no medically determinable impairment apart from his alcoholism.

9. This Court need not consider Lombard's remediability argument, as the ALJ did not rely on Lombard's refusal to comply with treatment to deny him benefits.

Based on the foregoing, the order of the district court is AFFIRMED.