# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30753
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2017

Lyle W. Cayce
Clerk

KELVIN WELLS,

      Plaintiff–Appellant,

v.

NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL
SECURITY,

      Defendant–Appellee.

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CV-830

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

In September 2010, Kelvin Wells filed an application for supplemental security income benefits, alleging that he was disabled due to post-traumatic stress disorder, depression, back injuries, congestive heart failure, and hypertension. An Administrative Law Judge ("ALJ") determined that Wells was not disabled for purposes of the Social Security Act. Specifically, the ALJ

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

found that although Wells suffered from severe impairments and had not engaged in substantial gainful activity since September 2010, his impairments were not equal in severity to those listed in the regulations. *See* 20 C.F.R. § 404.1520(a)(i)–(iii). The ALJ also held that Wells had the residual functional capacity to perform certain types of work. *See* 20 C.F.R. § 404.1520(a)(v). The Appeals Council subsequently denied Wells's request for review, rendering the ALJ's decision the final decision of the Commissioner of Social Security. Wells then filed this pro se action in district court seeking review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). After a magistrate judge evaluated the case, the district court adopted the magistrate judge's report and recommendation and affirmed the Commissioner's denial of benefits. This appeal followed. We have jurisdiction to review the district court's final order under 28 U.S.C. § 1291.

"We review the Commissioner's denial of social security benefits 'only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence.'" *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). We "apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel," but "*pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam).

Wells argues that the Commissioner and district court erred by denying him social security benefits. In support, Wells merely states that there was "no material evidence in the record" to support the decisions by the Commissioner

No. 16-30753

and the district court. However, as the magistrate judge noted, substantial evidence supported the Commissioner's determination that Wells had the residual functional capacity to work. Medical records suggested that any back pain Wells experienced was manageable, his spinal examinations were consistently normal, and he had not complained of side effects associated with his medications. Although mental health evaluations indicated that Wells may have experienced some stress, memory problems, and depression, the evaluations suggested that his symptoms did not significantly interfere with his ability to work or perform daily activities. Thus, we hold that the district court did not err in affirming the Commissioner's denial of benefits.

Wells also contends that the district court erred by refusing to allow him to file a motion in opposition to the magistrate judge's report and recommendation. When Wells attempted to file his motion on May 26, 2016, however, he was subject to sanctions barring him from filing any documents with the district court until he paid a $100 fine the court had imposed due to his frivolous filings in another case.[1] *See Wells v. Louisiana*, No. 15-CV-598 (M.D. La. May 19, 2016). Wells did not pay the fine until June 17, 2016, one day after the district court adopted the magistrate judge's report and recommendation in the instant case. "The district courts wield their various sanction powers at their broad discretion." *Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993). "A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008); *see also Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986) (noting that "where monetary sanctions are ineffective in deterring vexatious filings, enjoining

---

[1] This Court previously warned Wells that "any future frivolous pleadings filed by him in this court or in any court subject to the jurisdiction of this court will subject him to sanctions." *Wells v. Divincenti*, 582 F. App'x 318 (5th Cir. 2014) (per curiam).

No. 16-30753

such filings would be considered"). Accordingly, we hold that the district court did not err in refusing to allow Wells to file his motion in opposition to the report and recommendation.

The remainder of Wells's contentions on appeal appear to relate to one or more of his previous applications for social security benefits. Wells spends much of his brief discussing an application for benefits filed in November 1999, even though the application at issue in this case was filed in 2010. The current status of Wells's previous application for social security benefits is not readily apparent from the record, but it is clear that no prior benefits applications have been consolidated with the instant one. Because Wells has only appealed the Commissioner's decision regarding his 2010 application for social security benefits, we need not review claims that relate to previous benefits applications. *See Muse v. Sullivan*, 925 F.2d 785, 787 n.1 (5th Cir. 1991).

For the foregoing reasons, we AFFIRM.