**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-60400
Summary Calendar

JERRY HAYES PEEBLES,

Plaintiff-Appellant,

VERSUS

SHIRLEY S. CHATER, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Mississippi
(4:94-CV-110LN)

December 28, 1995

Before REAVLEY, GARWOOD, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Jerry Peebles appeals from the district court's order affirming the Commissioner's denial of his application for social security disability and supplemental security income benefits. He argues that the Secretary's finding that he was not disabled violated the rule in <u>Lovelace v. Bowen</u>, 813 F.2d 55 (5th Cir.

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

1987), that the ALJ erred by failing to utilize the testimony of a vocational expert, and that it was error for the ALJ to reject his subjective complaints of pain.

In Lovelace, this court held that if a claimant has a disabling condition for which effective treatment exists but he cannot afford the treatment, he cannot be denied disability benefits on the basis that his disability is treatable. Id. at 59. Peebles argues that he does not have money for medical care or treatment but would take pain medication if he could afford it. However, the administrative law judge ("ALJ") denied benefits because he found Peebles was not disabled by his condition, whether treated or untreated. Therefore, the rule in Lovelace is inapplicable.

Peebles next argues the ALJ should have consulted a vocational expert to testify in support of his determination that Peebles could perform jobs existing in the national economy instead of relying on the Medical-Vocational Guidelines. Because Peebles alleged a non-exertional impairment of pain, he claims the ALJ was not permitted to rely on the guidelines. However, the record reflects the ALJ gave due consideration to Peebles' testimony, his prior statements, and evaluations of former physicians in determining that Peebles' claims of unremitting severe pain were inconsistent with the record evidence. Although the ALJ agreed that Peebles was in pain, the conclusion that his pain was not so intense and persistent as to be disabling was not an abuse of discretion under the substantial evidence standard. See Carrier v.

2

<u>Sullivan</u>, 944 F.2d 243, 247 (5th Cir. 1991). Because there was substantial evidence that Peebles' pain was not so severe to constitute a disabling condition, the ALJ was entitled to rely solely on the guidelines and was not required to call a vocational expert. <u>Selders v. Sullivan</u>, 914 F.2d 614, 618 (5th Cir. 1990).

Finally Peebles argues the ALJ improperly discredited his subjective complaints of pain. Peebles relies on <u>Scharlow v. Schweiker</u>, 655 F.2d 649 (5th Cir. 1981), for the proposition that all he must do in order to establish his case is to tie his disability, namely pain, as alleged by him to the medical records, and asserts there is no dispute he has fulfilled this requirement. However, <u>Scharlow</u> actually provides that once the claimant has tied his subjective complaints of pain to some medically determinable impairment, the ALJ may not ignore those complaints but must consider them in his determination of disability. <u>Id</u>. at 648. Here the ALJ did not ignore Peebles complaints of pain but acted within his discretion by resolving conflicting and testimonial evidence. <u>Ibid</u>.

We have reviewed the record and the report and recommendation of the magistrate judge, adopted by the district court, and find no reversible error. Accordingly, the district court's judgment is

AFFIRMED.