**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-11061

LATISA SKALIJ,

Plaintiff-Appellant,

VERSUS

SHIRLEY S. CHATER, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas

(4:94-CV-361)

December 4, 1996

Before JOLLY, JONES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Latisa Skalij ("Skalij") appeals the district court's order granting summary judgment in favor of the Commissioner of Social Security ("Commissioner"), thereby affirming the Commissioner's denial of Skalij's application for supplemental security income

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

("SSI") benefits.  For the following reasons, we affirm.

## FACTS AND PROCEEDINGS BELOW

Skalij applied for SSI benefits, alleging that a back and neck injury prevented her from being gainfully employed.  Her claim was denied both initially and on reconsideration.  Skalij then requested a hearing before an administrative law judge ("ALJ").  At the hearing before the ALJ, Skalij alleged disability due to depression as well as due to her previously alleged back and neck injury.  The ALJ ordered that Skalij undergo psychiatric evaluation and psychological testing.  After receiving two psychiatric and psychological diagnoses, the ALJ issued a decision finding that Skalij was not disabled and denying her claim for SSI benefits.

Skalij requested review by the Appeals Council.  The Appeals Council remanded the case to the ALJ for testimony from a vocational expert and to make more thorough findings.  After a supplemental hearing, the ALJ again issued a decision finding that Skalij was not disabled and denying her claim for benefits.

Skalij requested another review by the Appeals Council and she attached to her request new evidence concerning her psychiatric condition.  The Appeals Council denied her request for review. Skalij then filed suit in district court, seeking review of the Commissioner's decision.  She again attached the new evidence concerning her psychiatric condition.  In granting the Commissioner summary judgment, the district court affirmed the Commissioner's

2

denial of SSI benefits.  Skalij now appeals to this Court.

## DISCUSSION

### A.  The Commissioner's Decision

At the hearing before the ALJ, Skalij had the burden of proving a medically determinable physical or mental impairment lasting at least twelve months which prevents her from engaging in substantial gainful activity.  *See* 42 U.S.C. § 423(d)(1)(a).  Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit.  20 C.F.R. § 404.1572.  The claimant must also show that she is no longer capable of performing her current or past relevant work.  20 C.F.R. § 404.920(e).  If the claimant satisfies this burden, then the Commissioner must show that the claimant is capable of engaging is some type of substantial activity and that other jobs exist for the claimant in the national economy.  *Ferguson v. Schweiker*, 641 F.2d 243, 246 (5th Cir. 1981).  Once the Commissioner makes such a showing, the burden of proof shifts back to the claimant to rebut this finding.  *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

The ALJ uses a five-step sequential process to make determinations of disability for SSI benefits.  The ALJ determines (1) if the claimant is not working in a substantial gainful activity, (2) whether the claimant has a severe impairment, (3) if the claimant's impairment meets or equals a listed impairment in Appendix 1 of the regulations, (4) if the impairment prevents the

3

claimant from doing past relevant work, and (5) whether the impairment prevents the claimant from doing any other work. *See* 20 C.F.R. § 416.920.

Our review of a denial of disability benefits is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the decision of the Commissioner comports with relevant legal standards. *Carrier v. Sullivan*, 944 F.2d 243, 245 (5th Cir. 1991). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance of the evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990). A finding of no substantial evidence is appropriate only if there are no credible evidentiary choices or medical findings to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). We may neither reweigh the evidence in the record nor substitute our judgment for the Commissioner's. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

Skalij contends that the Commissioner's decision regarding her mental impairment is not supported by substantial evidence.[1] In support of her contention, she points to her somewhat contradictory psychological evaluations. Because the claimant has the burden of establishing the existence of a disability, Skalij has the burden

---

[1] Skalij does not challenge the Commissioner's finding that her back and neck injury did not render her disabled.

4

of showing that the Commissioner's decision is not supported by substantial evidence in the record. *Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir. 1981).

We find that substantial evidence in the record supports the ALJ's finding that Skalij's impairment did not prevent her being gainfully employed. Skalij underwent two psychiatric evaluations. In the first, the physician evaluated Skalij in various categories relating to work-related functions as good, fair, above average, and average. Supporting medical records and documentation accompanied his evaluation.[2] In a second assessment, a different physician ranked Skalij in the same categories as fair and "poor to no ability" and noted that medical intervention might eliminate some of her symptoms. The ALJ found that the first evaluation should be given more weight. Credibility is generally accorded to the ALJ as the finder of fact, and his credibility evaluation is entitled to deference. *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991); *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991). The Commissioner is entitled to determine the credibility of medical experts and to weigh their opinions accordingly. *Moore v.*

---

[2] After the supplemental hearing, Skalij submitted a second assessment form from this same physician reflecting different conclusions. In this second assessment form, the physician ranked Skalij as having "poor or no ability" in some of the work-related ability categories. However, unlike this physician's first assessment, this second assessment was not accompanied by any medical findings or documentation, and thus lacked an explanation for the changed assessment. As we have previously held, it is not error for an ALJ to disregard conclusory medical opinions not supported by evidence. *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995).

*Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990).  In fact, it is well established that it is for the Commissioner, and not the courts, to choose between conflicting medical opinions.  *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987); *Jones v. Heckler*, 702 F.2d 616, 621 (5th Cir. 1983).

At the supplemental hearing held by the ALJ, a vocational expert testified that a person of Skalij's age and education, whose functional capacity required her to sit and stand at will, with no greater than light exertional demands, and with limited exposure to the public, could perform simple assembly jobs, of which there were many available in the local economy.  The first psychiatric examination together with the vocational expert's testimony provide substantial evidence to support the decision of the Commissioner.

## B.  Consideration of New Evidence

Skalij next argues that the district court erred in refusing to remand Skalij's claim for consideration in light of her new evidence.  We may remand an SSI claim to the Commissioner for consideration of evidence presented for the first time during judicial review only when (1) the evidence is new and material, and (2) there is good cause for the failure to incorporate the evidence into the administrative record.  42 U.S.C. § 405(g); *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994).  New evidence is material only if it relates to the time period for which the disability benefits were denied, and there is a reasonable

6

probability that such evidence would alter the Commissioner's decision. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). To demonstrate "good cause," the claimant must provide an excusable explanation for not submitting the records earlier in the proceeding. *Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989) (reviewing good cause).

Skalij presented a significant amount of medical evidence for the first time to the district court. This evidence included medical records of testing and treatment by physicians and a diary kept by Skalij. Even assuming arguendo that this evidence is material, Skalij has not shown good cause for her failure to submit the evidence during the course of the administrative proceedings. A cover letter accompanying the new evidence is dated a date prior to the Appeals Council's second review. Skalij offers as explanation for her failure to incorporate this evidence into the administrative record only the explanation that the records were misfiled in her attorney's office. This explanation is insufficient. *See Id.* Accordingly, we hold that the district court did not err in refusing to remand Skalij's claim to the Commissioner for consideration of the new evidence.

## CONCLUSION

For the foregoing reasons, we AFFIRM.