**Robert J. GLOMSKI, Plaintiff,**

v.

**Larry G. MASSANARI, Acting Commissioner of the Social Security Administration, Defendant.**

No. 00–C–575.

United States District Court, E.D. Wisconsin.

Sept. 7, 2001.

David F. Traver, Milwaukee, WI, for Plaintiff.

Penelope C. Fleming, Milwaukee, WI, Assistant U.S. Attorney, for Defendant.

## ORDER

STADTMUELLER, Chief Judge.

## PROCEDURAL BACKGROUND

The plaintiff in this case seeks judicial review of the final decision of the Commissioner of the Social Security Administration ["the Commissioner"] to deny his application for a period of disability insurance benefits. On May 19, 1997, Robert Glomski applied for federal disability insurance benefits under the Social Security Act, 42 U.S.C. § 405, alleging that he was disabled due to back pain related to degenerate disc disease. The alleged onset date of the disability was February 1, 1994, and the plaintiff continued to meet the disability insured status requirements through the end of September 1997. The plaintiff, proceeding *pro se,* pursued his claim through the hearing level and, on September 8, 1998, Administrative Law Judge ["ALJ"] Ira S. Epstein rendered a decision finding that Mr. Glomski was not disabled. The Appeals Council denied the claimant's request for review of ALJ Epstein's decision, whereupon it became the final decision of the Commissioner that the plaintiff was not entitled to benefits.

On April 24, 2000, the plaintiff, now represented by attorney David Taver, filed this action seeking judicial review of the Commissioner's decision. The matter was assigned to this judge, then to Magistrate Judge Aaron E. Goodstein for pretrial processing. Following consideration of the parties' submissions, on July 9, 2001, Magistrate Goodstein issued a recommendation that the decision of the Commissioner be affirmed and that the plaintiff's action seeking review of the decision be dismissed. As the parties did not consent to full magistrate judge jurisdiction, the matter was forwarded to this court for final disposition.

Mr. Glomski objected to the magistrate's recommendation within the requisite time, arguing as he had before the magistrate that there is not enough evidence in the record to support the Commissioner's decision.[1] Like Magistrate Goodstein, the

---

1. Mr. Glomski also objected to the magistrate's denial of his motion to strike certain

court believes there is enough evidence in the record to support the Commissioner's decision. Nonetheless, the court is of the opinion that the ALJ did not build a sufficient bridge between the evidence and the result to enable this court to fulfill its review duties conscientiously. Further, it appears that the ALJ may have misunderstood or failed to consider certain contradictory evidence. Thus, as explained more fully below, the court will remand the action to the Commissioner of Social Security for further proceedings.

## DISCUSSION

■■■ Disability cases are decided by reviewing the final decision of the Commissioner to ensure that it is supported by substantial evidence. *See Key v. Sullivan,* 925 F.2d 1056, 1061 (7th Cir.1991). The court does not determine if the claimant is disabled or reweigh the evidence; rather, when evaluating whether substantial evidence exists to support the Commissioner's decision, the court considers the relevant evidence that a reasonable person might accept as adequate to support a conclusion, taking into account anything in the record that fairly detracts from its weight. *See Young v. Secretary of Health and Human Serv.,* 957 F.2d 386, 388 (7th

Cir.1992). Substantial evidence may be something less than the greater weight or preponderance of the· evidence. *See id.* However, the reasons for rejecting particular evidence, if uncontradicted, must be clearly articulated. *See id.; Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir.1987). Further, if the ALJ has not built "an accurate and logical bridge" between the evidence and the result, the reviewing court must remand for further findings, even if there is enough evidence in the record to support the ultimate result. *See Sarchet v. Chater,* 78 F.3d 305, 307 (7th Cir.1996). *Accord Rohan v. Chater,* 98 F.3d 966, 971 (7th Cir.1996)("an ALJ must sufficiently articulate his assessment of the evidence to assure us that the ALJ considered the important evidence and to enable us to trace the path of the ALJ's reasoning")(internal quotation and citations omitted). In addition, this court may reverse if the ALJ committed an error of law. *See Pugh v. Bowen,* 870 F.2d 1271, 1274 (7th Cir.1989).

In this case, the ALJ applied the standard five-step inquiry to determine whether Mr. Glomski is "disabled"[2] within the meaning of the Social Security Act. *See* 20 C.F.R. § 404.1520.[3] At step one, the ALJ

portions of the defendant's memorandum in support of the Commissioner's decision. This objection is without merit. Mr. Glomski sought to strike certain substantive arguments in the Commissioner's brief because he believed they relied on improper *"post hoc"* reasoning. Such an argument goes to the merits of matter, however, and should be evaluated on that basis. *See* Charles A. Wright & Arthur R. Miller, 5A *Federal Practice and Procedure* § 1382 (2000)("if the court is in doubt whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied and the sufficiency of the allegations left for the adjudication of the merits").

**2.** The ALJ's inquiry, coming shortly after Mr. Glomski's period of eligibility for disability benefits expired, appears to have been con-

ducted in the present tense—that is, the inquiry seems to have been whether Mr. Glomski "is" disabled. Any inquiry conducted in the future, of course, would have to inquire into whether Mr. Glomski "was" disabled during the period from February 1994 to September 1997.

**3.** 20·C.F.R. § 404.1520 requires an ALJ to evaluate, in sequence: (1) whether the claimant is currently unemployed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the Commissioner in 20 C.F.R. § 404, Subpt. P, App. 1; (4) whether the claimant can perform his past relevant work; and (5) whether the claimant is capable of performing work in the national economy.

determined that Mr. Glomski was, indeed, unemployed during the relevant period. At step two, the ALJ determined that the plaintiff suffers from back pain with degenerative disc disease and dermatitis, thus meeting the threshold severity requirement. At step three, the ALJ determined that the plaintiff's impairments, alone or in combination, do not meet or equal any of the impairments listed in 20 C.F.R. § 404, Subpt. P, App. 1 as automatically qualifying one for disability benefits. At step four, the ALJ determined that the plaintiff has the residual functional capacity ["RFC"] "to perform the physical exertional requirements of work except for work exceeding the light level or work which requires frequent bending or does not permit changes in position periodically." Also at this step, the ALJ determined that Mr. Glomski could perform his past relevant work as a delivery truck driver,[4] but could not perform his past relevant work as a foundry worker. At step five, relying on the testimony of a vocational expert, the ALJ determined that the plaintiff could perform jobs such as assembly, packing and sorting, or inspecting. Then, using Vocational Rule 202.20, Table No. 2, Appendix 2, Subpart P, of 20 C.F.R. § 404 as a framework for decisionmaking, the ALJ determined that the plaintiff was "not disabled" for the purposes of receiving benefits. This court's analysis centers on the ALJ's determinations at step five.[5]

Even if a potential claimant meets the exertional requirements for a certain type of work, he may be disabled-and entitled to disability benefits-if he does not meet the "nonexertional"[6] requirements of the job. Thus, as part of his or her analysis at step five, the decisionmaker must determine if the claimant suffers from unusual pain, fatigue, or other nonexertional impairments that would render him disabled from performing work in the national economy. *Cf. Pope v. Shalala,* 998 F.2d 473, 481 (7th Cir.1993)(undertaking required analysis).

Mr. Glomski claims that although he may have sufficient body strength to work as an assembler, packer, or inspector, he cannot undertake those occupations due to disabling pain he rates as eight on a one-to-ten scale. For pain to contribute to a finding of disability, the claimant must establish, by medical signs and laboratory findings, the presence of a medically determinable physical or mental impairment that could reasonably be expected to produce the pain. *See Pope,* 998 F.2d at 482. If he meets that burden, it becomes the decisionmaker's duty to evaluate the credibility of the claimant and the extent to which his alleged pain or other nonexertional limitations may affect his capacity for work. *See id.* In undertaking this evaluation, the decisionmaker is to consider (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain and other symptoms; (3) factors that precipitate and aggravate the symptoms, (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms (5) treatment, other than

---

4. This finding was clearly erroneous, as the magistrate found and this court agrees.

5. The ALJ's erroneous determination at step four is of little import. If there are other jobs in the national economy Mr. Glomski can perform besides truck driver (a determination to be made at step five), he is not disabled and is not entitled to benefits.

6. Nonexertional capacity considers all work-related limitations and restrictions that do not depend on an individual's physical strength. *See* Social Security Administration Ruling ["SSR"] 96–8p.

medication, that the individual uses or has used to relieve pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his back, standing for fifteen or twenty minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. *See* SSR 96–7p. *See also Zurawski v. Halter,* 245 F.3d 881, 887 (7th Cir.2001)("Factors that must be considered include the nature and intensity of the claimant's pain, precipitation and aggravating factors, dosage and effectiveness of any pain medications, other treatment for the relief of pain, functional restrictions, and the claimant's daily activities").

■ Mr. Glomski has met the medical evidence requirement by providing doctors' reports indicating he has degenerative disc disease. Thus, the ALJ was required to make a finding on Mr. Glomski's allegations of debilitating pain. ALJ Epstein summarized Mr. Glomski's medical history and found that:

> An evaluation of the claimant's allegations of pain indicates that his subjective complaints far outweigh the objective medical evidence. Specifically, the claimant did apparently suffer from some back strain in 1994 and subsequently has been found to have bulging discs. However, no doctor has indicated that this is an operable condition and only conservative therapy, specifically anti-inflammatory medications and exercise and strengthening, have been recommended. The claimant has never taken strong narcotic pain medications. There is very little objective evidence of limitation of motion or of sensory or motor weakness. There is also very

little evidence that the claimant has aggressively pursued therapy and recovery or attempted to find work within his limitations. Consequently, the Administrative Law Judge cannot give full credence to the claimant's allegations of pain and finds that he retains the residual functional capacity to perform light work which would permit periodic changes in position.

Tr. at 15. Importantly, the ALJ's recitation of the medical evidence, on which he claims to have based his finding regarding pain, barely touched on the issue. The ALJ noted that on July 13, 1996, Mr. Glomski, complaining of low-back pain dating back to January 1994, sought a consultative evaluation by Dr. James McWilliams, and that the examination showed Mr. Glomski to be tender to palpation, but that there was no paraspinal spasm. Then the ALJ noted that Mr. Glomski sought, and received, pain medication in early 1997 for the same problem. Finally, the ALJ noted that Mr. Glomski was evaluated by Dr. Lance Sathoff on October 23, 1997, again complaining of back pain, but that Dr. Sathoff found "inconsistent evidence for any abnormality." Tr. at 13–14.

Despite the scant recitation of evidence regarding pain in the ALJ's decision (none of which contradicts Mr. Glomski's contention that he endures great pain [7]), the magistrate recommended upholding the decision on the basis that there were two more specific pieces of evidence in the record supporting a finding that Mr. Glomski does not suffer debilitating pain. The first is a June 1994 report from Dr. M.J. Stagg indicating that Mr. Glomski "was pain free and attained nearly 100% of his range of motion." The second is an August 1996 work restriction assessment from Brent C. Evans, CVE, CWA, recommending that

---

**7.** Dr. Sathoff's finding of inconsistent evidence of physical abnormality does not contradict Mr. Glomski's contention that he en-

dures pain. Pain may not be demonstrable through objective medical evidence. *See* SSR 96–7p.

the plaintiff return to work (thus implicitly finding that Mr. Glomski is not disabled by debilitating pain).

Mindful of the Seventh Circuit Court of Appeals' instruction that an ALJ "need not provide a written evaluation of every piece of evidence that is presented," *Pope,* 998 F.2d at 481, and the fact corroborating evidence does exist in the record, the court is tempted to adopt the magistrate's recommendation. The court will resist this temptation, though, because the ALJ simply did not build a bridge between the uncited evidence (or any other evidence for that matter) and his ultimate conclusion that Mr. Glomski does not suffer debilitating pain. *See Sarchet,* 78 F.3d at 307 ("we cannot uphold a decision by an administrative agency ... if, while there is enough evidence in the record to support the decision, the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result")(citing *Green v. Shalala,* 51 F.3d 96, 100–101 (7th Cir.1995); *Herron v. Shalala,* 19 F.3d 329, 333 (7th Cir.1994); *Zblewski v. Schweiker,* 732 F.2d 75, 78–79 (7th Cir. 1984); *Cline v. Sullivan,* 939 F.2d 560, 563–69 (8th Cir.1991)). In fact, as the two pieces of evidence found so convincing by the magistrate were not even mentioned by the ALJ, the court cannot be certain he even saw them, yet alone determine how much weight he gave them as opposed to Mr. Glomski's own contradictory testimony. *See Zurawski,* 245 F.3d 881, 887–88 (7th Cir.2001)(ALJ's determination on claimant credibility "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator

gave to the individuals's statements and the reasons for that weight")(quoting SSR 96–7p)(remanding case to Commissioner because court was "unable to discern whether [the ALJ] considered the record as a whole").

 Aside from the lack of cited supporting evidence, the court is troubled by other aspects of the ALJ's finding. For example, he did not evaluate Mr. Glomski's daily activities,[8] as was required by SSR 96–7p. *See Castrejon v. Apfel,* 131 F.Supp.2d 1053, 1058 (E.D.Wis.2001)(ALJ must meaningfully discuss daily activities and other credibility factors mentioned in SSR 96–7p). Next, he may have improperly required objective medical evidence of Mr. Glomski's pain. *See Pope,* 998 F.2d at 482 ("the Secretary does not require objective medical evidence to corroborate statements about the intensity, persistence, and functional effects of pain or other symptoms and will not reject the statements of the individual solely because the available objective medical evidence does not substantiate these statements")(internal quotation and citation omitted). In addition, his discussion of non-operability and conservative therapies may indicate a misunderstanding of degenerative disc disease, which is generally treated with conservative therapy and only results in an operation in 2% of its sufferers. *See Scientific American* at 53 (August 1999). *Cf. Sarchet,* 78 F.3d 305 (remanding case for further proceedings because ALJ's findings suggested a misunderstanding of the disease at issue). Furthermore, the ALJ's discussion of "motor weakness" suggests to the court that he may have conflated the exertional requirements of work (such as physical strength) with the non-exertional requirements primarily at issue.

---

**8.** The ALJ did comment that "[Mr. Glomski] stated he sometimes cleans the house very slowly but that he needs to take breaks every 15 minutes." Tr. at 13. No evaluation of this evidence followed, however. It is worth noting that limited daily activities are entirely consistent with allegations of debilitating pain. *See Zurawski,* 245 F.3d at 887.

The final-and most important-aspect of the ALJ's finding that troubles the court is his potentially erroneous determination that Mr. Glomski "has never taken strong narcotic pain medications." Mr. Glomski was prescribed Cyclobenzaprine on June 13, 1997. This is a strong medication prescribed for acute, painful musculoskeletal conditions. *See Nutkins v. Shalala,* 1994 WL 714252 (N.D.N.Y.1994)(citing *Physician's Desk Reference,* 1456 (48th ed.1994)). He also was prescribed Tramadol within the relevant time period. The plaintiff informs the court that this is an analgesic with opioid-like qualities prescribed for chronic pain associated with cancer, nerve pain, or low-back pain. *See* Pl's. Obj. to Mag. Rec. at 4 (citing http://my.webmd/content/aset/cp_drug_4). Mr. Glomski contends that both these drugs are "narcotic." As he has not defined this term, however, the court cannot be sure whether he uses it in the same manner employed by ALJ Epstein. In any event, since the ALJ did not explicitly discuss Mr. Glomski's medications, the court cannot be sure his potentially material finding that Mr. Glomski did not take "strong narcotic pain medications" is supported by evidence in the record. Thus, the court feels the best course of action would be remand the case to the Commissioner of Social Security for more explicit findings on this issue, and the others identified by the court. *Cf. Sarchet,* 78 F.3d at 309 (remanding because ALJ made erroneous material finding).

On remand, the Commissioner (or the ALJ to whom the case is assigned) should take pains to place the vocational expert's qualifications on the record, acknowledge that the Commissioner-not the claimant-bears the burden of proving the existence of jobs in the national economy for which Mr. Glomski would be qualified, *cf. Lidy v. Sullivan,* 745 F.Supp. 1411, 1414 (N.D.Ind.1989)(remanding to clarify the ALJ's understanding of the burden of proof), ask hypothetical questions derived from the Social Security Regulations, and require the vocational expert to place on the record the basis for his or her finding that jobs do or do not exist in the national economy for which the claimant is qualified, *cf. Peabody Coal v. McCandless,* 255 F.3d 465, 469 (7th Cir.2001)(ALJ may not automatically credit the conclusions of an expert). It appears that an insufficient record may have been developed in the previous hearing on these points. The court, of course, takes no position on the proper adjudication of the substantive issues on remand.

Accordingly,

**IT IS ORDERED** that Mr. Glomski's objection to the recommendation of the magistrate judge be and the same is hereby **GRANTED;**

**IT IS FURTHER ORDERED** that Mr. Glomski's request to reverse and remand the decision of the Commissioner be and the same is hereby **GRANTED;**

**IT IS FURTHER ORDERED** that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of defendant Commissioner of the Social Security Administration, which denied plaintiff Robert J. Glomski's claim for a period of disability insurance benefits, be and the same is hereby **REVERSED;**

**IT IS FURTHER ORDERED** that this action be and the same is hereby **REMANDED** to defendant Commissioner of the Social Security Administration for further proceedings consistent with this order.

The clerk of the court is directed to enter judgment accordingly.