IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 01-30687
Summary Calendar

MEYOKI HALL,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court for
the Eastern District of Louisiana
(USDC No. 00-CV-323)
_____

February 6, 2002
Before REAVLEY, DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Meyoki Hall appeals the district court's judgment affirming the decision of the

Commissioner of Social Security, who found that she was not entitled to further disability

benefits after February 28, 1995, due to improvement in her medical condition.  Our

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review of the Commissioner's decision is limited to determining whether that decision is supported by substantial evidence and whether the Commissioner employed the correct legal standards. Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995).

The administrative law judge (ALJ) employed the correct legal standards. Hall had been receiving benefits as a learning disabled child. Those benefits were subject to review and termination upon a finding that Hall's mental impairment was not so disabling as to render her unable to engage in substantial gainful activity. See 42 U.S.C. §§ 423(f)(1), 1382c(a)(4). The ALJ essentially employed the accepted five-step analysis for determining disability, see Crowley v. Apfel, 197 F.3d 194, 197-98 (5th Cir. 1999). Under the fourth step the ALJ will ordinarily consider whether the claimant can perform work she has done in the past. The ALJ properly noted that Hall had no prior relevant work history, proceeded to the fifth step, and found that Hall had the residual functional capacity to perform a significant number of jobs which exist in the economy. Under the fifth step, the ALJ properly placed the burden on the Commissioner to establish that the claimant is capable of performing work in the national economy. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ further correctly followed the law in considering the combined effects of all alleged impairments. See Crowley, 197 F.3d at 197.

The ALJ duly considered Hall's age, school performance, and medical and other reports regarding her mental and physical condition, including IQ tests, as well as Hall's testimony regarding her daily activities and other evidence. As to the fifth step, the testimony of a vocational expert was properly considered. Substantial evidence supports

the conclusion that Hall was no longer disabled. We cannot agree with Hall that the ALJ's decision is flawed because it only selectively considered the relevant evidence. The role of the ALJ as finder of fact is to consider and weigh the evidence, as was done in this case. The ALJ is not required to recite every scrap of evidence which the claimant considers helpful to her case.

Insofar as Hall complains that the ALJ did not properly consider her testimony regarding her back pain, this evidence was considered and the ALJ was not required to accept it without reservation. Whether pain is disabling is an issue for the ALJ, who has the primary responsibility for resolving conflicts in the evidence. See Carrier v. Sullivan, 944 F.2d 243, 247 (5th Cir. 1991). "The ALJ must consider subjective evidence of pain, but it is within his discretion to determine the pain's disabling nature." Wren v. Sullivan, 925 F.2d 123, 128 (5th Cir. 1991) (citation omitted).

AFFIRMED.