United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

)))))))))))))))))))))))))))
No. 05-50906

Summary Calendar
)))))))))))))))))))))))))))

JULIE SPENCE,

          Plaintiff-Appellant,

   v.

JO ANNE B. BARNHART,

          Defendant-Appellee.

---

Appeal from the United States District Court
for the Western District of Texas
District Court No. A:04-CV-053-LY

---

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Julie Spence seeks review of the administrative law judge's ("ALJ") denial of Disability Insurance Benefits ("DIB"). Ms. Spence filed her application for DIB on April 12, 2002. She was born in 1960 and completed the ninth grade. Ms. Spence claims to be disabled since May 26, 2001 due to back and leg pain.[1] After

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

[1] Ms. Spence initially complained of leg pain and later alleged she was disabled due to back pain. Although Ms. Spence suffered from leg pain because she cut herself with a knife, it

an administrative hearing, on July 24, 2003, the ALJ issued a decision denying Ms. Spence benefits. The ALJ found that Ms. Spence could not perform her past work as a school bus driver and child care attendant. However, based on the opinion of a vocational expert, the ALJ concluded there were a significant number of sedentary and unskilled jobs in the national and local economy that Ms. Spence could perform. The ALJ determined that Ms. Spence could work as a call out operator, surveillance system monitor, and order clerk-food/beverage.

On August 19, 2003, Ms. Spence's newly retained attorney, Mary Ellen Felps, wrote a letter to the ALJ arguing that although Ms. Spence claimed her "real problem" was her back, Ms. Spence actually suffered from learning disabilities, anxiety and depression. Ms. Felps contended that Ms. Spence's "real disabling condition" is her mental status. The letter asked the ALJ to reopen the file and also asked the ALJ to send Ms. Felps a copy of Ms. Spence's file before the ALJ sent the file to the Appeals Council. The letter indicated that Ms. Felps was sending Ms. Spence to get I.Q. testing and a mental health evaluation. However, neither the ALJ nor the Appeals Council received any such reports or assessments. The Appeals Council did receive Ms. Felps' letter, which was made a part of the record.

appears from the record that Ms. Spence also suffered from back pain that radiated to her leg. At the administrative hearing, Ms. Spence admitted that she stopped working because she left her husband, not because of leg or back pain.

2

On December 5, 2003, after a properly filed appeal dated September 16, 2003, the Appeals Council concluded that there was no reason to review the ALJ's decision and denied Ms. Spence's request for review. On January 30, 2004, Ms. Spence filed a complaint in federal district court, seeking review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). The magistrate judge recommended the ALJ's decision be affirmed. In Ms. Spence's objection to the magistrate judge's report, she attached a letter dated September 24, 2003 from Dr. Lester Harrell. This letter indicated that Ms. Spence suffers from severe depression and stated that her verbal IQ is 73. This report was not submitted to the ALJ, the Appeals Council or to the magistrate judge. On May 12, 2005 the district judge issued an order affirming the Commissioner's decision. Ms. Spence then filed this appeal.

Our review is limited to two questions: (1) whether the Commissioner's final decision is supported by substantial evidence, and (2) whether proper legal standards were used to evaluate the evidence. *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002)(citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)); *see also* 42 U.S.C. § 402(g). Ms. Spence makes four claims: (1) the ALJ's decision was not based on substantial evidence (2) the ALJ's decision was not based on the proper legal standard with regard to Ms. Spence's credibility; (3) the ALJ

improperly failed to consider the new and material evidence of Ms. Spence's mental functioning; and (4) the Commissioner's failure to provide Ms. Felps with a copy of Ms. Spence's file at the administrative level requires remand.

Ms. Spence generally argues that the ALJ's decision is not supported by substantial evidence and that the correct legal standards were not followed. Substantial evidence "is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Watson*, 288 F.3d at 215 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Although we carefully examine the record, it is the Commissioner's role to weigh the evidence. *Brown*, 192 F.3d at 496.

Since the ALJ's findings are supported by the record, we find Ms. Spence's arguments wholly without merit. The ALJ asked the vocational expert hypothetical questions that properly took Ms. Spence's limitations, as established by the record, into account. The ALJ properly relied on the vocational expert's answers to these questions. Evidence in the record confirms that, although Ms. Spence's leg and back pain preclude her from performing any of her past relevant work, she is capable of performing a significant range of sedentary work.

Ms. Spence contends that the ALJ failed to support its credibility assessment with specific facts. The ALJ found that

4

"[Ms. Spence's] statements concerning her impairment and its impact on her ability to work [were] not entirely credible. The limitations alleged [were] neither consistent with nor well supported by the objective medical evidence." The ALJ then explained that Ms. Spence's complaints suggest a greater severity of impairment than can be shown by the medical evidence, specifically mentioning that Dr. Garcia's impression was that Ms. Spence's left leg pain had been resolved. The ALJ recognized that Ms. Spence experiences some degree of pain, but concluded that the objective medical evidence and Ms. Spence's testimony did not establish that Ms. Spence was "so severely impaired as to preclude all types of work activity." The ALJ's evaluation of Ms. Spence's credibility was proper. *See Carrier v. Sullivan*, 944 F.2d 243, 246-47 (5th Cir. 1991).

Ms. Spence next claims that the Commissioner's failure to consider evidence of her mental functioning and failure to provide Ms. Felps with a copy of Ms. Spence's file at the administrative level warrants remand. We may remand the case to the Commissioner "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Ms. Spence has made no such showing.

Ms. Spence argues the ALJ improperly failed to consider the new and material evidence of her mental functioning. This court

5

only reviews the Commissioner's final decisions.  42 U.S.C. 405(g).  The Commissioner's decision becomes final when the Appeals Council denies a request for review.  *Higginbotham v. Barnhart*, 405 F.3d 332, 337-38 (5th Cir. 2005).  Ms. Spence claimed she needed DIB because of back or leg pain; she did not claim any mental disabilities prior to the Appeals Council's decision not to review her claim.  The ALJ cannot consider nonexistent evidence, and we cannot consider evidence submitted after the ALJ's decision became final.  Thus, there is no merit to this claim.  The fact that the ALJ did not provide a copy of the record to Ms. Felps is not good cause for a failure to incorporate metal health evidence into the record.  Nothing requires that the ALJ copy records for a claimant.  *See Pucket v. Chater*, 100 F.3d 730, 734 (10th Cir. 1996); it is sufficient that the Commissioner make them available for review.  *See, e.g.*, 20 CFR § 404.916(b)(3).[2]

For the reasons above, we affirm the judgment of the district court.

AFFIRMED.

---

[2] Compare requests made to the Appeals Council.  Claimants may request copies of documents upon which the hearing decision was based or copies of the transcript of oral evidence from the Appeals Council.  *See* 20 C.F.R. § 404.974.  Ms. Spence did not make such a request to the Appeals Council.