# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2010

No. 09-51145
Summary Calendar

Lyle W. Cayce
Clerk

JIMMY L. PRICE

Plaintiff-Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:08-CV-309

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Jimmy Price appeals the district court's affirmance of the Commissioner of Social Security's denial of his claim for Disability Insurance Benefits under Title II of the Social Security Act and for Supplemental Security Income under Title XVI of the Social Security Act. Price filed for benefits on account of diabetes, joint pain, a bad back, fatigue, depression, high blood pressure, and difficulty sleeping. The Commissioner's denial of benefits was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-51145

upheld by the ALJ, and Price requested review of the ALJ's decision by the Appeals Council, which refused to reverse the decision of the ALJ. Price sought judicial review in the district court, which, relying on the recommendation of the magistrate judge, affirmed the decision of the ALJ. Price timely appealed.

Our review of the denial of disability benefits, like that of the district court, is limited to determining whether substantial record evidence exists to support the Commissioner's decision to deny benefits and whether the ALJ misapplied the law.[1] We will neither make credibility determinations nor re-weigh the evidence.[2] The ALJ does not need to comment on every piece of evidence, but only must build an accurate and logical bridge between the evidence and the final determination.[3] The ALJ must consider the testimony of the claimant, but need not accept the claimant's contention as to the severity of his condition.[4]

The ALJ determined that Price was able to engage in substantial gainful activity because he could perform work in light of his residual functional capacity (RFC).[5] Sufficient evidence supports the ALJ's determination that Price had the residual capacity to perform work. The ALJ engaged all of the relevant evidence, made credibility determinations, and explained reasons for discounting some of the evidence in the record. We will not second guess these determinations on appeal.

---

[1] *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1994).

[2] *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999).

[3] *Glomski v. Massanari*, 172 F. Supp. 2d 1079, 1082 (E.D. Wis. 2001).

[4] *See Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991).

[5] We note that, regardless of the insufficient evidence provided to the ALJ, much of that evidence was from opinions after Price's last date of his insured status: December 31, 2005.

No. 09-51145

The ALJ specifically noted Price's back and leg pain, as well as Price's testimony concerning his limitations. The ALJ did not find the testimony entirely persuasive, noting that Price can cook, do housework, and drive.[6] The ALJ observed that an MRI in 2007 evidenced only mild degeneration in the lumbar spine. The ALJ discussed how Price responded positively to Ultram, thus determining that Price's claims of the intensity of his pain were not entirely credible. The ALJ also discussed the pain and limitations in Price's right shoulder, and noted that treatment has been somewhat successful and that Price himself noted improvement in his shoulder functioning. The ALJ mentioned Price's sleeping problems and reasonably concluded that Price should not perform exertionally demanding work or work involving the lifting or carrying of items in excess of 20 pounds. The ALJ also addressed Price's claim that he had to keep his feet elevated and found these claims unsupported by the record and less than credible. Neither did the ALJ believe that Price's depression was significantly limiting, noting that Price had stated that psychotropic drugs had improved his depression and that Price was able to function while living on his own.

We do not agree with Price that the ALJ failed to rely on the reports and opinions of the treating physicians. It is legal error for an ALJ to give more weight to a non-treating physician than to a treating physician,[7] but the ALJ need not give controlling weight to a treating physician's determination if it is contradicted by the record.[8] Price's treating doctors do not make any claim that he is disabled; they merely discuss the symptoms described by Price and

---

[6] The ALJ could properly observe the claimant's daily activities in determining disability status. *See Leggett v. Chater*, 67 F.3d 558, 565 n.12 (5th Cir. 1995).

[7] *See Wade v. Apfel*, 1998 WL 874853 at *3 (S.D.N.Y. 1998).

[8] *See* 20 C.F.R. § 404.1527(d)(2).

addressed by the ALJ.  In light of the record as a whole, the ALJ could reasonably have determined Price's limitations in the way that he did.

A vocational expert's opinion must be based on appropriate hypothetical questions.[9]  We are convinced that the hypothetical question posed by the ALJ was appropriate, and thus that the vocational expert's opinion was sufficient to constitute substantial evidence.

AFFIRMED.

---

[9] *See Haggard v. Apfel*, 175 F.3d 591, 595 (8th Cir. 1999) ("A vocational expert's testimony based on a properly phrased hypothetical question constitutes substantial evidence." (quotation marks and citation omitted)).